IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FRANCISCO RODARTE,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-22-H-DLC-RKS<br><br>ORDER |

On April 16, 2014, Petitioner Francisco Rodarte moved to proceed in forma pauperis with this action under 28 U.S.C. § 2254. Mr. Rodarte is a state prisoner proceeding pro se.

The petition in this case is Mr. Rodarte's second under 28 U.S.C. § 2254. On February 20, 2014, he filed a petition in the Great Falls Division of the Court, challenging his conviction. *See* Pet. (Doc. 1) at 2 ¶ 1, *Rodarte v. Kirkegard*, No. CV 14-09-GF-DLC-RKS (D. Mont. filed Feb 20, 2014).

Mr. Rodarte's first petition has not been adjudicated but remains pending. When a pro se habeas petitioner who is in custody pursuant to the judgment of a state court files a new habeas petition while a first petition is still pending, the new

1

petition should be construed as a motion to amend the first petition to add a claim. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008); *see also White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc).[1] Consequently, the appropriate course of action is to terminate this case and file the new petition in Cause No. CV 14-09-GF as a motion to amend the petition filed on February 20, 2014. The claims in the new petition will be considered in prescreening of the petition filed in Cause No. CV 14-09-GF.

**ORDER**

1. Mr. Rodarte's motion to proceed in forma pauperis (Doc. 2) is MOOT.

2. The Clerk of Court shall close this civil case and shall file the petition received from Mr. Rodarte on April 16, 2014 (Doc. 1), as a motion to amend Mr. Rodarte's petition in Cause No. CV 14-09-GF-DLC-RKS.

3. All parties shall refer only to Cause No. CV 14-09-GF-DLC-RKS in connection with this case.

<u>Mr. Rodarte must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his habeas action without notice to him.

---

[1] *Hayward* was itself overruled on still other grounds by *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 863 (2011) (per curiam).

DATED this 18th day of April, 2014.

                                       */s/ Keith Strong*
                                       Keith Strong
                                       United States Magistrate Judge